LEROY L. LAMBERT *vs.* DANIEL J. LAMBERT, JR., *et al.*

JULY 16, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought to obtain relief in the nature of specific performance of an oral promise by a father to make a will devising to one of his sons a poultry farm located in the city of Warwick in this state. After a hearing in the superior court on bill, answer and evidence, a decree was entered denying and dismissing the bill of complaint.   The cause is here on the complainant's appeal from that decree.

The complainant Leroy L. Lambert is a son of Daniel J. Lambert, Sr., who died March 18, 1946 at the age of eighty-six. The respondents are Daniel J. Lambert, Jr. and Clara A. Putnam, the other son and the daughter respectively of the deceased. No answer was filed by the daughter and a decree *pro confesso* was taken against her. The controversy is therefore between the two sons.

The evidence for complainant tends to show that the father, who had taught agriculture at Rhode Island State College for years, operated a fancy poultry farm in the city of Warwick; that in 1911, when complainant graduated from that college and had offers to work elsewhere, his father promised to will him the poultry farm if he, complainant, would "stay and work with him" on said farm; that this promise or arrangement was repeated to complainant and substantially made known by the father to some of their mutual friends at different times thereafter; and that complainant accepted the promise in good faith and spent all of his time doing the principal or heavy work on the farm while the father lived.

The complainant testified that his father was always in fear of Daniel J. Lambert, Jr., the other son, hereinafter referred to as the respondent, because he was a troublemaker; that pursuant to the above-mentioned promise and to avoid subsequent difficulty with respondent the father made a deed of the farm to complainant; and that such deed was not recorded and was made under certain conditions which are stated in more detail in *Lambert* v. *Lambert*, 77 R. I. 463, where this court set aside the deed on the ground of nondelivery.

According to complainant, the father also made a will in which the fourth clause reads as follows: "I give, bequeath and devise to my son, Leroy L. Lambert, my homestead consisting of my dwelling, farm buildings and farm lands in fulfillment of a promise made to him to do so, if he remained with me and assisted in the conduct of my farm,

all of which he has done." He testified that such will was destroyed under circumstances which were explained and a copy thereof was introduced in evidence through the lawyer who had drawn it; that the father also had consulted such lawyer concerning his desire to eject respondent from a house on the farm in which the latter had been living; that respondent had given the father much cause for worry; that he had taken certain assets which belonged to the farm; and that by threats had ultimately influenced the father into making a later will devising the property in equal shares to complainant, respondent, and their sister. It appears that this will has been filed in the probate court but as yet it has not been proved and allowed.

The respondent apparently concedes that complainant has spent all his life working with the father on the farm; that he, respondent, has lived continually in a house on the property; and that he has followed different occupations for others. But he disputes the circumstances under which the first will was destroyed, and by his plea of the statute of frauds and by the evidence it is claimed that no agreement has been shown by complainant with sufficient particularity to be capable of specific performance; that according to complainant's own testimony the alleged agreement was merely to "work with" the father on the farm and to have during the years "a partnership" between complainant and the father; and that complainant received pay and other benefits from his work on the farm pursuant to that express understanding, all of which is not in accordance with the agreement to devise the farm as alleged in the bill of complaint.

The respondent also claims that while complainant's evidence of the alleged will, which was destroyed, appears to be strong, yet the father in any event knew of its destruction; that he also knew of the provisions in the destroyed will but nevertheless had a lawyer draw another will disposing of the property differently, that is, in equal shares

among all three of his children; that this new will never was changed during the following eight years before the father's death; that he was a very honorable and religious man; and that in addition thereto there was evidence of a letter entirely written in the father's admitted handwriting as follows:

our
"This is to certify that my  son Leroy L. Lambert has received regular wages from our farm the Lambert Poultry Farm either week by week or month by month with milk and other extras so that he has been well paid to date for al the all that he has done for the pe estate.

The deed given to him May 24th last was a mistake on my part and I did not realize what I was doing at that time.  His part in the property should have been ⅓ together with the other two heirs.  Clara A. Put my daughter Clara Alice Putnam and Daniel J. Lambert Jr.

[signed]  D. J. Lambert Sr.  June 25 - 1938"

The trial justice found that complainant had not established by clear and convincing evidence an agreement that was capable of relief in the nature of specific performance; that he did not place the credence in complainant's statements of certain material facts that would be necessary in order to find the existence of an agreement as alleged; and that according to complainant's evidence the agreement as proved was merely to "work with" his father as an employee or as a "partner," whereas the agreement as alleged was that the father would devise the farm to him.

There seems to be no dispute between the parties as to the law applicable to the instant cause.  It has been held that relief in the nature of specific performance of such an agreement can be had in a court of equity if the contract is first established by clear and convincing evidence. *Spencer* v. *Spencer*, 25 R. I. 239; *Tingley* v. *Jacques*, 43 R. I. 367, 370; *Tillinghast* v. *Harrop*, 63 R. I. 394.  But where the statute of frauds has been pleaded and a complainant relies

on completed performance of his part of the contract and obligation in order to take the case out of such statute, the evidence must not only be clear and convincing to show the agreement but such performance must be referable exclusively to the contract. *Mann* v. *McDermott,* 77 R. I. 142, and cases cited; *Baumgartner* v. *Seidel,* 75 R. I. 243.

In the instant case the trial justice recognized and applied the above-mentioned principles to the facts as he found them. Since there is apparently no misconception of the applicable law, the case in its last analysis involves factual issues to be determined on the conflicting evidence. The complainant argues that the trial justice seems to have been too credulous of respondent's testimony in some respects, and that he did not properly devalue respondent's evidence in the light of certain inconsistencies in his testimony and of his lack of credibility generally. In this contention complainant overlooks both the fact that it was his burden to show clearly by convincing evidence the existence of and performance under the contract as alleged and the further finding that the trial justice expressly stated he was not disposed to believe all of complainant's testimony in that regard.

However, taking such testimony at its face value, it was at least ambiguous whether there had been an agreement as alleged in the bill, or whether complainant had agreed only to "work with" his father as an employee or "partner," as he himself expressly testified. In the circumstances, therefore, it was for the trial justice to determine in the first instance whether the alleged contract had been sufficiently proved by complainant's evidence to warrant specific performance. In making that determination he was confronted with the conflicting testimony on certain aspects of the case as well as the credibility of the witnesses whom he had seen and heard. His findings on such conflicting evidence are therefore entitled to great weight and we cannot disturb

172

the decision unless we are satisfied that the trial justice was clearly wrong.

From a review of the transcript of evidence we may concede the force of some of complainant's contentions as to respondent's conduct and inconsistent testimony in certain respects. However, in view of the letter admittedly written by the father in his own handwriting, after the earlier deed and will transactions, and the fact that the provisions of the later will are in accordance with that letter, it appears to us that reasonable minds could differ in their conclusions from all the evidence as to the existence and nature of the contract. Therefore in the circumstances we cannot say that the trial justice was clearly wrong in finding that the complainant had not established by a preponderance of clear and convincing evidence that the father had made the early agreement, as alleged in the bill of complaint, which is sought to be enforced in this proceeding.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Grim & Littlefield, Benjamin W. Grim,* for complainant.

*William B. Sweeney, George Roche,* for respondents.